NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1312 |
| Plaintiff - Appellee, | D.C. No.<br>4:06-cr-00825-RCC-MAA-1 |
| v. | |
| WILLIAM ERNEST FULLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 15, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

William Fuller appeals the district court's revocation of his supervised release. He argues that there is insufficient evidence that he violated two conditions of his release. "On a sufficiency-of-the-evidence challenge to a supervised release

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

revocation, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (citation modified). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Standard condition #13 required Fuller to follow his probation officer's instructions. Fuller's probation officer instructed him to provide probation a letter from his employer describing its internet monitoring measures before he used the internet at work. The probation officer testified that she never received a letter from Fuller's employer. And Fuller's employer testified that he never asked her for a letter while working for her. Thus, there is sufficient evidence for a rational trier of fact to find that Fuller violated standard condition #13.

Fuller argues that there is no direct evidence he used the internet at work. But Fuller's employer testified that he had to use the internet to do his job, and that it was "understood that he had permission" to use the internet at work. Thus, drawing all reasonable inferences in the government's favor, *see King*, 608 F.3d at 1129, a rational trier of fact could find that Fuller used the internet at work. Fuller also argues that there was no deadline to submit the letter. But the absence of a deadline is irrelevant; Fuller used the internet at work without providing the required letter, and he failed to follow his probation officer's instructions, thus violating standard

condition #13.

Special condition #9 prohibited Fuller from possessing or using any device capable of accessing the internet without first getting permission from his probation officer and installing internet monitoring software on the device. Fuller's internet use at work without monitoring software or a letter from his employer likewise violated special condition #9. Fuller also violated the special condition when he failed to install monitoring software on his personal laptop. Fuller's privacy concerns about the monitoring software and his inability to reach his probation officer while she was on leave did not permit him to ignore special condition #9. Thus, there is sufficient evidence for a rational trier of fact to find that Fuller violated special condition #9.

**AFFIRMED.**

24-1312